**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROSE WALKER, | ) | |
| | ) | **No. 07 C 7281** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE MANNING |
| | ) | |
| CITY OF CHICAGO, ILLINOIS and CHICAGO, | ) | |
| POLICE OFFICER C. PINZINE, Star No. | ) | Magistrate Judge Cox |
| 9196, and CHICAGO POLICE OFFICER | ) | |
| M.J. PETRASKI, Star No. 5519, | ) | |
| | ) | JURY DEMAND |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND
JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City

of Chicago, answers Plaintiff's complaint, and states as follows:

**JURISDICTION and VENUE**

1.     **This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation
under color of law of Plaintiffs' [sic] rights as secured by the United States
Constitution.**

**ANSWER:**     The City admits that the federal claims in Plaintiff's complaint are brought

pursuant to 42 U.S.C. § 1983 to redress the alleged deprivation under color of law of Plaintiff's

rights as secured by the United States Constitution.  The City denies the remaining allegations

contained in this paragraph.

2.     **This Court has jurisdiction of the action pursuant to 28 U.S.C. § § 1331, 1343
and 1367.**

**ANSWER:**     The City admits the allegations contained in this paragraph.

3.     **Venue is proper under 28 U.S.C. § 1391(b).  All parties reside in this judicial
district and the events giving rise to the claims asserted in this complaint**

**occurred within this district.**

**ANSWER:**     The City admits that venue is proper under 28 U.S.C. § 1391(b) in that, upon

information and belief, Defendant Officers Pinzine and Petraski reside in this judicial district, and

the alleged events giving rise to the claims asserted in this complaint occurred within this district.

The City is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in this paragraph.

## PARTIES

4.    **At all times relevant hereto, Plaintiff Rose Walker was a 42 year-old African-American female resident of Chicago, Illinois.**

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph.

5.    **At all times relevant hereto, Defendant Officers were Police Officers for the City of Chicago and were acting under the [sic] color of the [sic] law and within the scope of their employment.**

**ANSWER:**     The City admits that, at all times relevant to the Complaint, the Defendant Officers

were employed as police officers with the City.   The City is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

6.    **Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.**

**ANSWER:**     The City admits that it is a municipal corporation incorporated under the laws of the

State of Illinois.  The City admits that at all times relevant to this Complaint, the City was the

employer of the Defendant Officers.  The City is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in this paragraph.

2

## FACTUAL ALLEGATIONS

**7.      On or about December 29, 2006, Plaintiff was standing near the intersection of Larrabee St. and Oak St. in Chicago, Illinois, waiting for her husband to pick her up.**

**ANSWER:**      The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph.

**8.      At all times relevant hereto, Plaintiff was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.**

**ANSWER:**      The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph.

**9.      At this time, one or more Defendant Officers illegally arrested and handcuffed Plaintiff and proceeded to unconstitutionally search her.**

**ANSWER:**      The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph.

**10.      At this time, and all times relevant hereto, Defendant Officers did not have a search or an arrest warrant for Plaintiff and did not have probable cause to believe that Plaintiff had committed a crime.**

**ANSWER:**      The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph.

**11.      Following the unconstitutional search and seizure, Plaintiff was arrested and taken to a Chicago Police Station where she was falsely charged with Possession of a Controlled Substance in violation of 720 ILCS 570.0/402C.**

**ANSWER:**      The City admits, based on Chicago Police Department ("CPD") records, that

Plaintiff was charged with possession of a controlled substance in violation of 720 ILCS 570.0/402C.

The City is without knowledge or information sufficient to form a belief as to the truth of the

3

remaining allegations contained in this paragraph.

> **12.    Plaintiff remained in custody until January 18, 2007, when the charges were dismissed.**

**ANSWER:**    The City admits, based on Cook County Court records, that the charges for possession of a controlled substance against Plaintiff were dismissed.   The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

<u>**Count I – 42 U.S.C. § 1983 False Arrest**</u>

> **13.    Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.**

**ANSWER:**    The City's answers to paragraphs 1 through 12 in response to the allegations in Plaintiff's complaint are incorporated herein as its answer to paragraph 13.

> **14.    On December 29, 2006, Plaintiff was seized and arrested without a warrant and without probable cause.  These seizures [sic] and arrests [sic] were in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.**

**ANSWER:**    Upon information and belief, based on CPD records, the City admits that Defendant Officers arrested Plaintiff on December 29, 2006.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

> **15.    Defendant Officers unlawfully and maliciously arrested Plaintiff and wrongfully detained and searched him without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.**

**ANSWER:**    Upon information and belief, based on CPD records, the City admits that Defendant Officers arrested Plaintiff on December 29, 2006.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph..

16.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

a.    As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

b.    As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

c.    As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d.    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e.    The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f.    As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g.    As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint.  Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards

is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h.    The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:**    The City is without knowledge sufficient to admit or deny the allegation that the City

sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

The City denies the remaining allegations contained in this paragraph.

17.    The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiffs [sic] constitutional rights and would cause harm to Plaintiff.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph.

<u>**Count II – False Imprisonment**</u>

18.    Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.

**ANSWER:**    The City's answers to paragraphs 1 through 12 in response to the allegations in

Plaintiff's complaint are incorporated herein as its answer to paragraph 18.

19.    Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under Title 28, United States Code § 1367.

**ANSWER:**    The City admits to the allegations contained in this paragraph.

20.    On December 29, 2006, Plaintiff was seized and detained without a warrant and without probable cause.  This detention and seizure was in violation of Plaintiffs [sic] rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph.

21.     **Defendant Officers and Defendant City unlawfully seized, detained, and wrongfully searched Plaintiff without any legal right to do so.**

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph.

22.     **The acts committed by Defendant Officers and Defendant City of Chicago were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.**

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph.

<u>**Count III – Malicious Prosecution**</u>

23.     **Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.**

**ANSWER:**     The City's answers to paragraphs 1 through 12 in response to the allegations in

Plaintiff's complaint are incorporated herein as its answer to paragraph 23.

24.     **Defendant Officers initiated and continued judicial proceedings against Plaintiff by intentionally making knowingly false statements in police reports and causing false testimony to be presented to a Cook County judge at the preliminary hearing. This false and malicious conduct resulted in Plaintiff being charged with and prosecuted for Possession of a Controlled Substance.**

**ANSWER:**     The City admits that, based upon CPD records, Plaintiff was charged with possession

of a controlled substance. The City is without knowledge or information sufficient to form a belief

as to the truth of the remaining allegations contained in this paragraph.

25.     **Defendant Officers instituted the judicial proceedings against Plaintiff with malice and with willful and wanton disregard for the truth.**

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph.

7

26.    **Defendant Officers brought said false charges and continued the prosecution of such false charges in order to cover up their own illegal conduct.**

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

27.    **On January 18, 2007 Plaintiffs [sic] case was dismissed.**

**ANSWER:**    The City admits, based on Cook County Court records, that Plaintiff's case was dismissed.

28.    **As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered extensive damages, including but not limited to: severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.**

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## Count IV – Intentional Infliction of Emotional Distress

29.    **Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.**

**ANSWER:**    The City's answers to paragraphs 1 through 12 in response to the allegations in Plaintiff's complaint are incorporated herein as its answer to paragraph 29.

30.    **Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under Title 28, United States Code § 1367.**

**ANSWER:**    The City admits the allegations contained in this paragraph.

31.    **Defendant Officers' illegal arrest and unlawful seizure of Plaintiff were committed with intentional disregard for Plaintiffs [sic] innocence, and amount to extreme and outrageous conduct against Plaintiff.**

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

8

32.     **Defendants intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause him severe emotional distress and mental anguish.**

ANSWER:     The City denies the allegations contained in this paragraph to the extent that they

pertain to the City.  The City is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations contained in this paragraph.

33.     **As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but not limited to severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.**

ANSWER:     The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph.

**Count V – State Law Claims Against Defendant City**
***Respondeat Superior* and Indemnification**

34.     **Plaintiff re-alleges paragraphs 1 through 12 as if fully re-pleaded herein.**

ANSWER:     The City's answers to paragraphs 1 through 12 in response to the allegations in

Plaintiff's complaint are incorporated herein as its answer to paragraph 34.

35.     **Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.**

ANSWER:     The City states that the allegations in this paragraph are vague, incomplete, or

or incorrect statements of the nature of the City's liability under Illinois law, and, therefore, these

allegations are denied.

36.     **At all relevant times, Defendant Officers were agents of Defendant City and employees of the Chicago Police Department acting within the scope of their employment.  Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant Officers.**

**ANSWER:**      The City states that Plaintiff's allegation that the City is "liable as principal for all torts committed by its agents, Defendant Officers" is a vague, incomplete, or incorrect statement of the nature of the City's liability under the doctrine of *respondeat superior* under Illinois law, and, therefore, this allegation is denied.  The City admits that, at all times relevant to this Complaint, Defendant Officers were employed by the City as police officers.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

WHEREFORE, Defendant City of Chicago prays that this Court enter judgment in its favor on Plaintiff's complaint, award Defendant City of Chicago such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.      The City is not liable to Plaintiff if its employees or agents are not liable to Plaintiff.  745 ILCS 10/2-109 (2006).

2.      To the extent any employee or agent of the City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes willful and wanton conduct.  745 ILCS 10/2-202 (2006).

3.      The City is not liable for any injury caused by the act or omission of another person.  745 ILCS 10/2-204 (2006).

4.      To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton, and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the

10

principles of comparative fault, by an amount commensurate with the degree of fault attributed to

Plaintiff by the jury in this case.  See Poole v. City of Rolling Meadows, 167 Ill. 2d 41, 656 N.E. 2d

768, 212 Ill. Dec. 171 (1995).

5.    To the extent that Plaintiff failed to mitigate any of his claimed injuries or

damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the

principle that Plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate

attributed to Plaintiff by the jury in this case.

## JURY DEMAND

Defendant City of Chicago respectfully requests a trial by jury.


Respectfully submitted,


MARA S. GEORGES
Corporation Counsel
City of Chicago


By:    /s/ Thomas J. Aumann
THOMAS J. AUMANN
Assistant Corporation Counsel

City of Chicago, Department of Law
30 North LaSalle Street
Suite 1020
Chicago, Illinois  60602
(312) 744-1566 (Phone)
(312) 744-3989 (Fax)
Attorney No. 06282455

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROSE WALKER, | ) | |
| | ) | **No. 07 C 7281** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE MANNING |
| | ) | |
| CITY OF CHICAGO, ILLINOIS and CHICAGO, | ) | |
| POLICE OFFICER C. PINZINE, Star No. | ) | Magistrate Judge Cox |
| 9196, and CHICAGO POLICE OFFICER | ) | |
| M.J. PETRASKI, Star No. 5519, | ) | |
| | ) | JURY DEMAND |
| Defendants. | ) | |

<u>**NOTICE OF FILING AND CERTIFICATE OF SERVICE**</u>

To:     Jeffrey B. Granich                         Mary McCahill
        Law Offices of Jeffrey B. Granich          Assistant Corporation Counsel
        53 West Jackson Boulevard                  30 North LaSalle Street
        Suite 840                                  Suite 1400
        Chicago, Illinois  60604                   Chicago, Illinois  60602
        jeffreygranich@mac.com                     mary.mcdonald@cityofchicago.org

**PLEASE TAKE NOTICE** that on this 4th day of March, 2008, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**, a copy of which is herewith served upon you.

I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means in compliance with Local Rule 5.9 to the above persons at the above listed e-mail addresses this 4th day of March, 2008.

/s/ Thomas J. Aumann
THOMAS J. AUMANN
Assistant Corporation Counsel

City of Chicago, Department of Law
30 North LaSalle Street
Suite 1020
Chicago, Illinois  60602
Attorney No. 06282455

12